**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DONNA POTTS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-111 (LAG) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is the Government's Motion to Dismiss for Lack of Jurisdiction. (Doc. 3). For the reasons below, the Government's Motion is **GRANTED**.

## FACTUAL BACKGROUND

On May 5, 2025, Plaintiff filed a complaint against Albany Area Primary Care, Inc. (AAPC) and Pouria Farhadi Amiri, D.M.D. (Dr. Amiri) in the Superior Court of Dougherty County, Georgia. (Doc. 1-1 at 4–7). Therein, Plaintiff alleges that on May 11, 2023, Dr. Amiri, a physician at AAPC, performed Plaintiff's tooth extraction. (*Id.* ¶¶ 2–3). Plaintiff states that on June 2, 2023, she went to the emergency room and was admitted after diagnostic testing confirmed that she had Streptococcus sanguinis. (*Id.*). On June 5, 2023, Plaintiff underwent surgery for "L2-3 right side lumbar hemilaminectomy with epidural abscess, L3-5 lumbar laminectomy with epidural abscess, and L5-S1 right side lumbar hemilaminectomy with epidural abscess." (*Id.* ¶ 4). Plaintiff claims that because of AAPC's and Dr. Amiri's negligence during her tooth extraction, Plaintiff suffered from subsequent "permanent spinal damage[.]" (*Id.* ¶ 9).

Plaintiff alleges that, at all times relevant, AAPC "held itself out as a medical facility whose agents and employees are trained in the diagnosis and treatment relative to dental extractions and for properly screening patients who are at risk for infections prior to dental extractions." (*Id.* ¶ 5). Plaintiff claims that AAPC is liable for the negligence of Dr. Amiri

under the doctrine of *respondeat superior*, and that AAPC and Dr. Amiri "failed to exercise the degree of medical care, diligence[,] and skill ordinarily employed by a dentist and staff of a health care facility like [AAPC]" in treating Plaintiff. (*Id.* ¶¶ 6, 8). Plaintiff seeks "damages for medical expenses, future medical expenses, and pain and suffering[.]" (*Id.* ¶ 9).

## PROCEDURAL BACKGROUND

On July 25, 2025, the United States Attorney for the Middle District of Georgia removed the case to this Court pursuant to the Federally Supported Health Centers Assistance Act (FSHCCA), 42 U.S.C. § 233. (Doc. 1). The FSHCAA makes the Federal Torts Claim Act (FTCA) the exclusive remedy "for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions" by an employee of the Public Health Service. 42 U.S.C. § 233(a). Pursuant to § 233, where the Secretary of Health and Human Services (HHS) "deems" a federally funded entity a Public Health Services employee and the Attorney General or his or her designee certifies that the employee "was acting in the scope of [their] employment at the time of the incident out of which the suit arose," the United States shall be substituted as the proper defendant in place of the covered entity and its employees. 42 U.S.C. §§ 233(c), (g). If the case was initiated in state court, it shall be removed to federal court upon certification. *Id.* The Government filed the appropriate Notice of Removal and a Notice of Substitution of Party Defendant and certified that AAPC and Dr. Amiri are deemed employees of the Public Health Service acting within the scope of their employment at the time of the alleged negligence. (*See* Doc. 2-1).

On August 1, 2025, the Government filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) which authorizes a court to dismiss claims for lack of subject matter jurisdiction. (Doc. 3). On August 28, 2025, the Court stayed the case pending the resolution of the Motion to Dismiss. (Docs. 6, 9). Plaintiff responded to the Motion to Dismiss on August 26, 2025, and the Government replied on September 17, 2025. (Docs. 8, 11). The Government's Motion to Dismiss is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

**DISCUSSION**

The United States, as a sovereign, generally enjoys immunity from suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[T]he federal government[, however,] can choose to lower its sovereign-immunity shield by 'unequivocally express[ing]' a waiver of sovereign immunity." *Cartagena v. Martino-Villanueva*, 619 F. Supp. 3d 1145, 1150 (M.D. Fla. 2022) (third alteration in original) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). "[T]he circumstances of its waiver must be scrupulously observed, and not expanded, by the courts." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) (per curiam) (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)). Under the FTCA, Congress waives the federal government's sovereign immunity "under certain circumstances for particular tortious acts committed by employees of the government." *Id.*

Before bringing an FTCA action against the Government, a plaintiff must first exhaust her administrative remedies. 28 U.S.C. § 2675(a). "FTCA claims are barred 'unless the claimant first files an administrative claim with the appropriate agency within two years from the time the claim accrues.'" *Riddick v. United States*, 832 F. App'x 607, 611–12 (11th Cir. 2020) (quoting *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008)). "To exhaust administrative remedies, 'the claimant shall have first presented the claim to the appropriate Federal agency and h[er] claim shall have been finally denied by the agency in writing and sent by certified or registered mail.'" *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) (per curiam) (quoting 28 U.S.C. § 2675(a)). "Unless and until a claimant has exhausted h[er] administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction." *Id.* (citing *Turner ex rel. Turner*, 514 F.3d at 1200). Dismissal of a suit is appropriate where plaintiff failed to "exhaust[] [her] administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, the Government contends that because Plaintiff failed to exhaust her administrative remedies, the Court does not have subject matter jurisdiction and Plaintiff's claims must be dismissed. (Doc. 3 at 5). HHS has no record of an administrative tort claim filed by Plaintiff or any authorized representative. (*Id.*; *see* Doc. 3-1). Plaintiff does not address this contention in her Response. (*See* Doc. 8). Instead, Plaintiff argues that

equitable tolling applies, or alternatively that the savings clause prevents dismissal. (*Id.* at 2). "The command that an action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . is unambiguous." *McNeil*, 508 U.S. at 111 (internal quotation marks and citation omitted). Equitable tolling deals with the timing of filing a claim. It does not relieve Plaintiff of the requirement that she exhaust administrative remedies.[1] Moreover, Section 2401(b) does not contain a savings clause. To the extent Plaintiff attempts to cite to the savings clause in the Westfall Act, 28 U.S.C. § 2679(d), it does not apply. (Doc. 11 at 4–5). As Plaintiff has not exhausted her administrative remedies, the Court lacks subject matter jurisdiction.

## CONCLUSION

Accordingly, the Government's Motion to Dismiss (Doc. 3) is **GRANTED**.

**SO ORDERED**, this 26th day of February, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Plaintiff relies on two out of circuit cases to argue that she diligently pursued her claim and that equitable tolling should apply. These cases are non-binding on this Court and inapposite. The plaintiffs in these cases filed administrative claims, unlike Plaintiff. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 192 (3d Cir. 2009) ("[Plaintiff] did not challenge the removal of her case to the District Court or the substitution of parties and, accordingly, she filed the contemplated administrative claim."); *Stewart v. United States*, 962 F.3d 745, 748 (3d Cir. 2020) ("After exhausting administrative remedies, [plaintiff's] counsel filed anew [plaintiff's] claims against the United States in District Court.").